Mary C. Geddes
Assistant Federal Defender
FEDERAL PUBLIC DEFENDER
FOR THE DISTRICT OF ALASKA
601 West Fifth Avenue, Suite 800
Anchorage, Alaska  99501
(907) 646-3400

Attorney for Defendant

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>             Plaintiff,<br><br>vs.<br><br>KATHESHA LASHONE BROWN,<br><br>             Defendant. | Case No. 3:01-cr-0118-RRB-JDR<br><br>**PRE-DISPOSITION MEMORANDUM,** *Filed on Shortened Time* |

　　　　　Defendant, Kathesha Lashone Brown, by and through counsel Mary C. Geddes, Assistant Federal Defender, files this memorandum pertaining to the adjudication/disposition hearing scheduled for Thursday, August 23, 2007.[1]   Ms. Brown seeks a time-served disposition for her noncompliance with the conditions of supervised release.  Ms. Brown seeks either a return to supervision or a termination of her supervised release.  Ms. Brown has satisfied her restitution obligation.

---

[1] Counsel apologizes for this belated filing.

After serving an eight-month sentence, Ms. Brown was released from custody and reported on May 7, 2007, as required, to her probation officer. However, she thereafter failed to report in writing and in person, moved to a new address (in Anchorage) without first informing her probation officer, and did not follow specific directions given to her probation officer. Ms. Brown was arrested for violating these requirements of her supervised release on July 9, 2007. **Ms. Brown has remained in custody since then, for a total of 44 days.**

After Ms. Brown was arrested, the undersigned arranged for Ms. Brown to speak with her probation officer about the family circumstances and her emotional difficulties which precipitated her non-compliance. Ms. Brown does not take the position that these circumstances justify her actions.

This past spring, Ms. Brown related, she had been informed that there had been a final disposition of a personal injury lawsuit. During an earlier incarceration, Ms. Brown and other women at the Anchorage Jail had been sexually victimized by a chaplain, Ezra Williams. The harm inflicted upon Ms. Brown was less than others had experienced, and her portion of the settlement was $12,000 (after attorney fees). Prior to her release, Ms. Brown released the funds to her parents, for their safekeeping. Understandably, Ms. Brown made plans for the purchase of some transportation and for re-establishing herself and her daughter. Nevertheless, upon her release, her parents informed her that she would be provided only with a small portion of the funds, as they had recompensed themselves $6,000 for their expenses related to her incarceration and her back payments. Her parents further informed her that she would be staying with them and they would be supervising her. They later informed her that they would make payments to her landlord. They

would drive her wherever she needed to go, and they would hold her ID, et cetera. Her parents explained that this action was necessary because they wanted to control where she went and with whom she had contact. Ultimately, Ms. Brown became extremely depressed with her lack of personal autonomy when her expectations had been so high, prior to release. She intentionally cut herself, but then regretted it and attempted to conceal the cut from her family and others. She did confide in a one-time friend who was disturbed and reported it surreptitiously to the police on her phone. Ms. Brown thereafter avoided contact with Mr. Astle and others who might investigate. Ms. Brown recognized that her failure to maintain contact with Mr. Astle was nothing but self-sabotage, but she was too frightened to acknowledge to him how upset she was. She further said that her inability at her age to deal with her parents has been a source of great personal shame, and she is uncomfortable talking about it. Ms. Brown reports that she and her sister have long had problems dealing with her parents' need to control. Her sister has been able to afford counseling through Providence but she has not.

      The undersigned notes that last year, the court considered two options for Ms. Brown, after her admission of supervised release violations. The options were (1) eleven months of incarceration and the end of supervised release, or (2) eight months of incarceration and continued supervised release. Ms. Brown opted to continue on supervised release. She would still like to do so, if possible. However, if the court believes that she is not amendable to supervision then its sanction should be limited in light of the fact that the violations did not involve new criminal misconduct. The additional time she has spent in jail – 44 days – is sufficient as a sanction for her elusiveness and failures to communicate candidly with her probation officer, and in the time frame required.

DATED this 22nd day of August 2007.

Respectfully submitted,

FEDERAL PUBLIC DEFENDER
FOR THE DISTRICT OF ALASKA

/s/ Mary C. Geddes
Assistant Federal Defender
Alaska Bar No. 8511157
601 West Fifth Avenue, Suite 800
Anchorage, AK  99501
Ph:  (907) 646-3400
Fax:  (907) 646-3480
mary_geddes@fd.org

Certification:
I certify that on August 22, 2007,
a copy of the *Pre-Disposition
Memorandum, Filed on Shortened
Time* was served electronically
on:

Crandon Randell, Esq.

And a copy was faxed to:

Tim Astle
Probation Officer

/s/ Mary C. Geddes